# Good *against* Good.

A want of consideration furnishes a defence to each and all the bonds given for the purchase money of land, as they are successively sued, until the defendant be compensated by way of defalcation, to the full amount of the failure of consideration : and the defence being thus exhausted, the remaining bonds are recoverable.

ERROR to the Common Pleas of *Lancaster* county.

John Good against Jacob Good. This case is reported in 9 *Watts* 567. The error now assigned was to the principles of defalcation adopted by the court in their charge to the jury.

Hays, President.—The plaintiff, John Good, claims the amount due to him upon four bonds: the first payable on the 1st of April 1834; the second on the 1st of April 1835; the third on the 1st of April 1836; the fourth on the 1st of April 1837, each for the sum of $500. The defence against the plaintiff's demand is, that the consideration of these bonds has failed. They were given by the defendant for the purchase money of a plantation, sold to him by his father for $7380.88. There was a judgment bond for $3000, and six single bonds for $500 each, with a single bill of $175 given at the same time to secure the payment of this purchase money. The bonds in this suit are four of the single bonds just mentioned. The plantation, which was the consideration of these bonds, was part of the real estate of John Good's father, which, as his intestate estate, was accepted by John Good, the eldest son, he entering into a recognizance to his mother, the widow, to pay her the interest of one-third of the valuation during her lifetime, which was charged by law upon the premises. In John Good's deed to the defendant, he recites that the widow had released her thirds or dower, and he accordingly conveyed to Jacob Good the absolute unencumbered fee simple in the land; but the dower or thirds were not released. And in an action

since brought, the widow's assignee recovered more than $6000 for the arrears of her interest; and this land being charged with the same, 60 acres were sold to pay them. Besides this, Jacob Good paid to Peter Good and Barbara Bott, certain sums, for which his land was bound by John Good's recognizance. The defendant, therefore, contends, that as to so much of this 60 acres, or of the value of them, as has been taken to pay those arrears, the consideration of the bonds now sued, has failed. The amount taken for that purpose was $2585.70. It is made out thus: with the 60 acres, were sold at the same time, and for the same purpose, 105 acres, belonging to Christian Good. The two tracts contributed their due proportions to discharge the arrears, and the sum actually paid out of the proceeds of the 60 acres, was $2585.70.

On the other hand, the plaintiff contends that he is entitled to his full demand; and that your verdict should be in his favour for $2745; that the defendant 'was fully compensated for the failure of consideration in the action on the bond of $3000, tried on the 5th of September 1839; that the jury, by their general verdict in that case, passed upon this defence, and that the defendant is precluded here and for ever from urging it again. So his counsel understands the opinion of the Supreme Court, in reference to this matter. But the Supreme Court discriminate between a set-off and failure of consideration. The former is a legal, and the latter an equitable defence. All cross demands, properly so considered, were definitively and conclusively determined in the action upon the bond for $3000. But not so with respect to the failure of consideration; the defendant is entitled to an allowance (they expressly say) in this action, for any part of it which has not been allowed him before.

There is no difficulty or dispute as to the fact of a failure of consideration. It is shown and admitted that Jacob Good paid, besides the sums to Peter Good and Barbara Bott, $2585.70, out of the proceeds of the 60 acres sold by the sheriff in the suit by Barbara Good's assignee for the arrears of dower. This failure of consideration, which amounted at the time of the trial on the $3000 bond to $3096.82, the Supreme Court consider as attached to the entire contract of sale, and as consequently affecting every security which John Good took for the purchase money. He took eight, namely, the $3000 judgment bond, the six obligations or common bonds for $500 each, and the single bill for $175. The amount of the purchase money was $7380.88. If one bond had been given for this amount, and had been sued as the $3000 bond was, and tried when the trial of that suit took place, the defendant would have had a good equitable defence to the amount of $3096.82, on the ground that the plaintiff's cause of action was tainted and affected to that extent. This defect, according to the judgment of the Supreme Court, is diffused over all the securities

taken, or in the language of the Chief Justice, it is " inherent in all the securities founded on the same consideration, and therefore applicable to successive actions on any of them, till the defendant is compensated by defalcation to the extent of the loss." Consistently with this doctrine, the true mode of ascertaining the defalcation in the several actions brought upon the respective bonds and single bill, is to ascertain the proportion of the amount of failure of consideration belonging to each, because this is a defect in the cause of action, inherent in all the securities founded upon the original contract, all the bonds given for the purchase money.   The consideration of each bond being so much of the purchase money as it calls for, the failure thereof is just in the proportion which the sum contained in it bears to the whole amount of the purchase money.   Applying this rule to the matter of defence presented in the trial on the 5th of September 1839, the failure of consideration, we shall easily discover what was the utmost extent of the defendant's claim on this score, beyond which he could not, upon this ground, contest the cause of action against him.   The proportion may be thus stated : As the sum of $7380.88 (the purchase money) is to $3096.82, the amount of failure of consideration on the $3000 bond, so is the sum of $3000 (the amount thereof) to. $1258.72, the amount of the failure of consideration inherent in that security.   It was impossible that there could be a failure of the consideration of that bond beyond such a proportion.   It was impossible that the defence of a failure of consideration against the bond, could be legally allowed for one dollar beyond that amount.

Now to the extent to which it was allowed, he is precluded from claiming it again.   The defendant did submit to the jury the failure of consideration as to the entire contract.   He showed all that he had lost.   But doing this, he could only claim as a defence an allowance for the failure of consideration inherent in the bond of $3000, which was the cause of action in that case.   The jury found a general verdict for the defendant, thereby, as I conceive, according to the decision made by the Supreme Court, affirming all the issues as maintained by him.   But the issue on the plea of payment, &c., as maintained by the defendant, on the failure of consideration, could not, by legal possibility, embrace more than the actual amount of the failure of the consideration as inherent in that security, that is to say, as already explained, the sum of $1258.72.   To that amount, the verdict in the action referred to, must be deemed conclusive upon the defendant.   Deducting this sum from $3096.82, the whole amount of the failure of consideration as affecting the entire contract, the remainder was $1838.10. From this is to be further deducted the sum of $310.16, allowed on the trial in September 1840, of the two bonds and single bill, which would leave a balance of $1527.94, of the failure of consideration, inherent in all the securities; and that sum not having

[Good v. Good.]

been allowed heretofore is a defence in the present action, which entitles the defendant, Jacob Good, according to my reading of the opinion of the Supreme Court, to a deduction from the plaintiff's demand of the same amount. The demand is $2745, the balance $1527.94; and the remainder, $1217.06, is the sum now due to the plaintiff, and for which your verdict should be rendered.

*Parke*, for plaintiff in error, referred to the former report of this case (9 *Watts* 567), and argued that it had been misinterpreted by the court below.

*Reigart*, for defendant in error.

PER CURIAM.—The decision when this cause was here before, has been singularly misapprehended. The effort of the Judge who delivered the opinion of the court, was merely to distinguish between the remedy for want of consideration, and the remedy for cross demand—not to establish a principle of apportionment in a case involving the latter, between distinct securities for different parts of the original debt. The case did not call for it. It was indeed said that want of consideration furnishes a defence which is inherent in all the securities till full compensation for it be attained by defalcation; and so indeed it is, so far as to dispense with a certificate of balance where the amount to be defalcated exceeds the sum sued for. But it never was intended to be said that the security last put in suit should bear only a rateable proportion of the general abatement, though the failure of consideration was perhaps unknown when the preceding parts of the debt were recovered. Such a principle would involve either a failure of justice or a recourse to the very procedure which, it was attempted to be shown, the statute did not authorize—the finding of a balance for what is not a cross demand. The principle of *pro ratâ* distribution of defalcation for failure of consideration among all the securities, is one which this court did not mean to establish, and which the Judge ought not to have adopted.

Judgment reversed, and *venire de novo* awarded.